# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ULLICO CASUALTY COMPANY and
PATRIOT NATIONAL INSURANCE GROUP,
INC.,**
      **Plaintiffs,**

v.                                                             Case No. 12-C-1031

**MATTHIESEN, WICKERT and LEHRER, S.C.,**
      **Defendant.**

## DECISION AND ORDER

In January 2010, an explosion occurred at the premises of Thermal Polymer Systems, LLC ("TPS") in Angleton, Texas. The explosion killed one TPS employee and injured several others. The estate of the deceased employee filed tort claims against TPS in state court in Brazoria County, Texas. Ullico Casualty Company was TPS's workers-compensation carrier, and eventually it paid benefits to the deceased employee's estate and to the other injured workers. After paying these benefits, Ullico hired the Wisconsin law firm of Matthiesen, Wickert & Lehrer, S.C., to pursue subrogation claims based on products-liability principles against various third parties. Ullico also hired the Texas law firm of Kelly Smith & Murrah, P.C., to serve as local counsel, presumably at the recommendation of the Matthiesen firm. Ullico, having secured the services of these two firms, proceeded to intervene in the Brazoria County lawsuit to assert its subrogation claims against the relevant parties.

By June of 2012, the parties in the Brazoria County case had reached a settlement, and this settlement resulted in a sizable payment to Ullico, which the Matthiesen firm

deposited in its client trust account in Wisconsin. When Ullico asked the Matthiesen firm to forward this payment to it, the Matthiesen firm informed Ullico that it would retain one-third of the payment, or approximately $650,000, as a contingency fee. However, Ullico insisted that it had never agreed to pay a contingency fee, and it demanded that the Matthiesen firm forward the entire amount to Ullico, with the understanding that Ullico would then pay the Matthiesen firm and the Kelly firm for their services on an hourly basis.

In early July 2012, the Matthiesen firm intervened in the Brazoria County litigation for the purpose of having its fee dispute with Ullico resolved. Shortly thereafter, the Kelly firm joined the Matthiesen firm in asking the Brazoria County court to resolve the fee dispute. The Kelly firm also filed claims against various affiliates of Ullico, alleging that they had tortiously interfered with the firms' contract with Ullico. The Kelly firm also moved to have the funds on deposit in the Matthiesen firm's trust account transferred into the custody of the Brazoria County court.

When Ullico received notice of Kelly's motion to have the disputed funds transferred to Texas, it and its third-party administrator, Patriot National Insurance Group, Inc., filed the present lawsuit against the Matthiesen firm under the diversity jurisdiction and moved for a temporary restraining order that would have prevented the firm from completing the transfer. Eventually, the Matthiesen firm agreed that it would leave the funds in its trust account pending resolution of the fee dispute. In the meantime, Patriot, which was also a party to the Brazoria County case, filed a notice of removal of that case to the United States District Court for the Southern District of Texas. At the time of removal, the only live dispute in the Brazoria County litigation was the dispute between Ullico (and its affiliates, including Patriot) and the two law firms. The two firms have moved to remand that case

back to the Brazoria County court, and their motion remains pending in the Southern District of Texas.

Ullico prefers to litigate the fee dispute here in the Eastern District of Wisconsin. Before the law firms filed their motion to remand in the Southern District of Texas, Ullico had asked that court to dismiss or stay the firms' claims so that the litigation could proceed exclusively in this court. However, once the firms moved to remand, the Texas federal court indicated that it would hold Ullico's motion in abeyance pending resolution of the motion to remand. The two law firms, on the other hand, prefer to litigate the fee dispute in state court in Brazoria County or, failing that, in the Southern District of Texas. The Matthiesen firm has thus filed a motion to stay this case so that the litigation can proceed exclusively in the Texas federal court. I consider that motion in this order.

No mechanical or hard-and-fast rule governs the handling of overlapping or parallel federal cases. CIGNA Healthcare v. Kaiser, 294 F.3d 849, 852 (7th Cir. 2002); Blair v. Equifax Check Servs., Inc., 181 F.3d 832, 838 (7th Cir. 1999). Rather, a district court confronted with a case that parallels a case pending in another district has discretion to either stay its case or press forward. Blair, 181 F.3d at 838. In exercising this discretion, the court may consider which case constitutes the "superior vehicle" for resolving the parties' dispute. Id.

At the outset, I note that it would make no sense to have both this case and the Texas case pending in federal court at the same time. Both cases involve the same issue—whether Ullico agreed to a contingency fee or to pay the firms their hourly rates—and because Ullico's right to a federal forum would be honored in either case, there is no need for a duplicative proceeding. See Evans Transp. Co. v. Scullin Steel Co., 693
3

F.2d 715, 719–20 (7th Cir. 1982) (observing that it would "make no sense" to have "two federal actions going on at the same time in different states with regard to the same claims"). Moreover, the Texas case is more comprehensive than this one. The main players in the fee dispute are Ullico and the Matthiesen firm, but the Kelly firm and the Ullico affiliates also have rights at stake. These latter entities are parties to the Texas federal case, but they are not parties to this one. Thus, although I can resolve the dispute between Ullico and the Matthiesen firm, that would not resolve the whole case, since the general rule is that a litigant is not bound by a judgment rendered in a case to which he was not a party. See, e.g., Hansberry v. Lee, 311 U.S. 32, 40 (1940); Pasko v. City of Milwaukee, 252 Wis. 2d 1, 18–19 (2002). There are exceptions to the general rule, see, e.g., Taylor v. Sturgell, 553 U.S. 880, 884–907 (2008), and it is possible that the Kelly firm and the Ullico affiliates are so aligned in interest with the Matthiesen firm and Ullico, respectively, that they would be bound by a judgment in this case even though they are not parties. However, it is by no means clear that those entities would be bound by a judgment in this case, and in any event it is preferable to give them their day in court rather than hope that the Matthiesen firm and Ullico will adequately protect their interests. Thus, there are good reasons for staying this case in favor of the Texas federal case.

On the other side of the balance, I can see no advantage in pressing forward in this court. The Texas federal court is as capable as this court of adjudicating the fee dispute, and Galveston, Texas is not an inconvenient forum for any party. To be sure, bringing the litigation to a halt in this court will cause some delay, since the federal court in Texas must resolve the motion to remand before discovery in that court could commence, whereas in this court discovery has already begun (but it has not progressed very far). However, the

motion to remand appears to have been fully briefed and taken under advisement, and thus I do not expect the delay to be lengthy. Moreover, the harm caused by the delay would not outweigh the advantage of having the court with jurisdiction over all the interested parties resolve the dispute.

I have given some thought to allowing discovery in this court to proceed until the Texas court decides the motion to remand, but again, the absence of the Kelly firm and the Ullico affiliates weighs against that approach. Those entities would not have to participate in any discovery conducted under the authority of this court, and they would likely have the right to demand duplicative discovery once discovery gets under way in Texas. Thus, to prevent the duplication of efforts, I will enter a stay.

Accordingly, **IT IS ORDERED** that the defendant's motion to stay is **GRANTED**. However, in the event that the Southern District of Texas remands its case to the Brazoria County court, I will consider whether I should lift the stay, since at that point Ullico's right to litigate in a federal forum would be implicated. See Evans Transp., 693 F.2d at 717, 719–20.

Dated at Milwaukee, Wisconsin, this 27th day of March 2013.

                                               s/ Lynn Adelman

                                               LYNN ADELMAN
                                               District Judge